**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK SIPE,** | : | **No. 3:25-CV-1311** |
| | : | |
| **Plaintiff** | : | **(Caraballo, M.J.)** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK BISIGNANO,** | : | |
| **Commissioner of** | : | |
| **Social Security** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

## I. Introduction

Plaintiff Mark Sipe seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction pursuant to Title 42, United States Code, Section 405(g), and Title 28, United States Code, Section 636(c).

Sipe raises two primary challenges to Administrative Law Judge ("ALJ") Tiesh I. Reaves's determination that Sipe was not disabled under the Social Security Act. Sipe contends that, when assessing his

residual functional capacity, the ALJ: (1) failed to fully develop the record; and (2) improperly evaluated Sipe's alleged symptoms. Doc. 11 at 1. As explained below, ALJ Reaves's conclusion was supported by substantial evidence in the record, coupled with sufficient reasoning to permit meaningful judicial review. Accordingly, the Court affirms the Commissioner's decision to deny Sipe's claims for social security disability benefits.

## II. Background[1]

On August 1, 2022, Sipe filed an application for disability insurance benefits under Title II of the Social Security Act, alleging disability as of October 15, 2021,[2] due to cirrhosis of the liver, bilateral foot drop, numbness in the lower extremities, irritable bowel syndrome, constipation, skin irritation in both arms, and urinary incontinence. Tr. 190. The alleged period of disability spanned just under two months, from Sipe's amended alleged onset date of May 4, 2021, to his date last

[1] As the parties and the Court are well-acquainted with the facts underlying this appeal, the Court provides only a brief summary of the procedural history, and addresses the pertinent facts in the discussion below.

[2] Prior to the hearing, Sipe requested to amend the alleged onset date of disability to May 4, 2021. Tr. 175. The ALJ granted this request during the hearing. *Id.* at 42-43.

insured of June 30, 2021. *Id.* at 19. The Social Security Administration ("SSA") denied Sipe's application on February 16, 2023, *id.* at 66, and again upon reconsideration on May 19, 2023. *Id.* at 81. Sipe accordingly requested and received a hearing on September 10, 2024. *Id.* at 36-58; 98-99; 120-37.

On September 23, 2024, ALJ Reaves issued a decision concluding that Sipe was not disabled. *Id.* at 14-35. Sipe appealed to the Social Security Appeals Council on October 22, 2024. *Id.* at 151-53. The Appeals Council denied his request on May 21, 2025. *Id.* at 1-6. The instant appeal followed. Doc. 1. The Commissioner provided the record on August 19, 2025. Doc. 4. The parties then filed their respective briefs, leaving this matter ripe for decision. Docs. 11, 13-14.

## III. Discussion

### A. Standard of Review

Review of the Commissioner's decision denying a claimant's application for social security disability benefits is limited to determining whether the factual findings of the final decisionmaker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008).

Substantial in this context is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). Put more pointedly, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In an adequately developed record, this can mean "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n.*, 383 U.S. 607, 620 (1966) (citations omitted).

Under this deferential standard, "[f]actual findings which are supported by substantial evidence must be upheld." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) (citations omitted); 42 U.S.C. § 405(g). This Court's role is not to re-weigh the evidence and make factual determinations, but to simply review the record and ensure that the ALJ provided "a discussion of the evidence and an explanation of reasoning for her conclusion sufficient to enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009)

(citations and quotations omitted). An ALJ meets that standard by stating "in her decision which evidence she has rejected and which she is relying on as the basis for her finding." *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 433 (3d Cir. 1999) (citations omitted). Moreover, when there is countervailing evidence, an ALJ must "give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted); *see also Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (holding that substantial evidence standard is unmet when the ALJ fails to resolve conflicts created by countervailing evidence).

**B. The ALJ Adequately Developed the Record.**

Sipe contends that ALJ Reaves failed to fully develop the record regarding his physical impairments when assessing Sipe's residual functional capacity. Doc. 11 at 4. Specifically, Sipe posits that the record was "devoid of any RFC assessments from any non-examining/examining/treating physicians," prompting the need for ALJ Reaves to order a consultative examination before she could make an informed decision. *Id.* at 6-7. The Commissioner responds that the ALJ was not obligated to rely on medical opinions in formulating Sipe's

residual functional capacity, or to further develop the record in this case. Doc. 13 at 9-10. As a general matter, the Court agrees that an ALJ need not rely on expert medical opinions when determining an individual's residual functional capacity, as "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011); *see also Mays v. Barnhart*, 78 F. App'x 808, 813 (3d Cir. 2003) ("Primarily, the ALJ is responsible for making a residual functional capacity determination based on the medical evidence, and he is not required to seek a separate expert medical opinion.").

At issue are the medical opinions of two state agency experts, Karel Ann Keiter, D.O, and Angela Teresa Walker, M.D. Both doctors opined that the record was "insufficient to show any impairments of disabling severity on or before" Sipe's date last insured of June 30, 2021. Tr. 62-63, 77-78. ALJ Reaves found these opinions unpersuasive, reasoning that they were inconsistent with other evidence in the record, which sufficiently permitted her to formulate Sipe's residual functional capacity. *Id.* at 26. Relying on these opinions, Sipe posits that ALJ

Reaves failed to fully develop the record and should have ordered a consultative examination. Doc. 11 at 8. While the Court recognizes that, in certain circumstances, a consultative examination may be required to properly resolve a disability claim "where the medical record in evidence is inconclusive," *Brown v. Saul*, 2020 WL 6731732, at *10 (M.D. Pa. 2020) (*report and recommendation adopted by* 2020 WL 6729164 (M.D. Pa. 2020)), in the instant case, the medical record was sufficiently developed to permit the ALJ to make an informed decision.

First, the record was adequately developed because the medical evidence extended beyond Dr. Keiter's and Dr. Walker's inconclusive opinions. *See Velazquez v. Bisignano*, 2026 WL 3001373 (M.D. Pa. 2026) (finding an insufficient medical record where every expert who reviewed the case agreed there was insufficient evidence to make an informed disability determination). Indeed, ALJ Reaves analyzed Sipe's longitudinal medical history and the July 2022 opinion of his primary care provider, Dr. Sumathi Suppiah. Tr. 26. Dr. Suppiah opined, in part, that Sipe's "experience of pain or other symptoms is severe enough to frequently interfere with attention and concentration needed to perform even simple work tasks," and that he "would likely be absent

more than 4 days per month as a result of the impairments and treatment." Tr. 26; 617-20; 1374-77.

ALJ Reaves deemed this opinion unpersuasive, reasoning that the documentation of symptoms, signs, findings, and treatments postdated Sipe's alleged onset date of disability by more than six months. *Id.* at 26. Further, ALJ Reaves concluded that limitations offered by Dr. Suppiah were inconsistent with the overall objective findings, Sipe's own reports, and his overall treatment history. *Id.* at 26-27. For example, the ALJ explained that the medical records reflect "no lasting deficits of gait, strength, or reflexes; a BMI in the normal range; and no evidence of swelling, jaundice, abdominal distention or tenderness, rectal bleeding, or esophageal varices"; nor were there hospitalizations that would support the time off task limitation offered by Dr. Suppiah. *Id.* Recognizing that "[t]he ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences," *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986), the Court finds that ALJ Reaves properly assessed Sipe's residual functional capacity based on the medical record.

Next, ALJ Reaves was under no obligation to order a consultative examination. The ultimate burden of proving disability lies with the claimant. 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. § 404.1512(a) ("[I]n general, you have to prove to us that you are ... disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)."). While the ALJ has a "duty to develop a full and fair record in social security cases," *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995), this duty does not entail "search[ing] out all relevant evidence which might be available, since that would in effect shift the burden of proof to the government." *Hess v. Sec'y of Health, Educ. & Welfare*, 497 F.2d 837, 840 (3d Cir. 1974). This is especially true when the claimant is represented by counsel. *See Myers v. Berryhill*, 373 F. Supp. 3d 528, 539 (M.D. Pa. 2019).

Here, ALJ Reaves "was permitted to presume that [Sipe] had put forth his best case since he was represented by counsel." *Id.* During the hearing, Sipe's attorney represented to the ALJ that no other

outstanding medical evidence was "relevant to the period." Tr. 41. Nor did Sipe's attorney request that a consultative examination be scheduled. *See O'Neill v. Bisignano*, 2025 WL 3469271, at *9 (M.D. Pa. 2025) (holding that the ALJ erred in failing to order a consultative examination where, among other factors, the claimant specifically requested such examination). Sipe also fails to explain the basis for his present request for an examination. The limited medical evidence pertaining to the relevant period is contained within the record, and, in any event, the only two physicians who examined this period concluded that the record was insufficient. Tr. 62-63, 77-78. Given the relatively brief, two-month alleged period of disability, any greater illumination arising from further examination remains unclear. *Id.* at 19. Moreover, as the Commissioner correctly observes, Doc. 13 at 11, a consultative examination is discretionary, not mandatory. *See, e.g.*, 20 C.F.R. §§ 1520b(b)(2)(iii) ("We *may* ask you to undergo a consultative examination[.]" (emphasis added)), 920b(b)(2)(iii) (same). In sum, because ALJ Reaves thoroughly explained her reasons for finding the medical opinions unpersuasive, a consultative examination was unnecessary. Accordingly, the ALJ adequately developed the record.

**C. The ALJ Properly Evaluated the Claimant's Symptoms.**

Sipe also contends that ALJ Reaves improperly assessed several symptom allegations. Specifically, Sipe challenges the ALJ's: (1) observation that Sipe did not seek treatment with a neurologist; (2) conclusion that Sipe did not receive any injections, when he did in March 2020; (3) conclusion that Sipe's subjective complaints were not entirely consistent with the record; and (4) failure to consider Sipe's work history. Doc. 11 at 11-14. The Commissioner responds that the ALJ's evaluation was supported by substantial evidence because she "fully considered [Sipe]'s subjective complaints and explained why they were not entirely consistent with the record." Doc. 13 at 13.

As a preliminary matter, the Court notes that the evaluation of Sipe's alleged symptoms falls within the ALJ's regulatory authority and is entitled to due deference. *See Diaz*, 577 F.3d at 506 ("In determining whether there is substantial evidence to support an administrative law judge's decision, we owe deference to his evaluation of the evidence [and] assessment of the credibility of witnesses . . . ."). It is against this backdrop that the Court addresses Sipe's remaining challenges and holds that, upon extensive review of the record, ALJ Reaves's decision

was supported by substantial evidence, and sufficiently articulated to permit meaningful judicial review.

Sipe's first contention merely invites the Court to reconsider the weight ALJ Reaves placed on Sipe's failure to consult with a neurologist, which the Court may not do. *See Chandler*, 667 F.3d at 359 ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."). Although Sipe is correct that the ALJ erroneously stated he never received injections, Tr. 27, as the record reflects that Sipe received a corticosteroid injection in March of 2020, *id.* at 655, this error is harmless. Sipe fails to explain how this misstatement prejudices his disability claim, and the injection predated his alleged onset date by more than one year. Therefore, this error provides no basis for remand.

Moving to Sipe's allegation that ALJ Reaves "cherry-picked" the record in concluding that his subjective complaints were inconsistent with the objective evidence, the Court finds that the ALJ thoroughly considered the entire record. *See Phillips v. Barnhart*, 91 F. App'x. 775, 780 n.7 (3d Cir. 2004) ("[T]he ALJ's mere failure to cite specific evidence does not establish that the ALJ failed to consider it."). ALJ Reaves

described in detail why Sipe's alleged symptoms of "dizziness, loss of strength and muscle mass, and neuropathy related to vertigo, anemia, and/or his non-severe impairments, including liver cirrhosis," were inconsistent with the record, noting that examinations revealed normal findings, and that Sipe denied experiencing (among other symptoms) weight loss, excessive bleeding, difficulty balancing, lightheadedness, and fatigue. Tr. 25. Further, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence in the record." *Hur v. Barnhart*, 94 F.App'x 130, 133 (3d Cir. 2004). Thus, ALJ Reaves sufficiently articulated her assessment of Sipe's subjective symptoms to permit meaningful judicial review.

Finally, concerning Sipe's work history, "[w]hen an ALJ finds that the claimant's alleged limitations are not supported by the medical evidence, an ALJ is not required to equate a long work history with enhanced credibility." *Castellano v. Berryhill*, 2018 WL 4441800, at *9 (M.D. Pa. 2018), *report and recommendation adopted*, 2018 WL 4404654 (M.D. Pa. 2018) (citation omitted). Here, ALJ Reaves determined Sipe's alleged symptoms were not supported by the record, and appropriately declined to equate his work history with enhanced credibility. *Id.*

## IV. Conclusion

For the reasons set forth above, the Court will **AFFIRM** the Commissioner's decision and **DENY** the Plaintiff's request for relief. A separate order shall follow.

Date: October 20, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge